## HAUGHN v
## DETROIT, TOLEDO & IRONTON RY CO

Ohio Appeals, 3rd Dist, Putnam Co

No 307. Decided July 14, 1937

Albert Straman, Ottawa, and Russell M. Knepper, Columbus, for appellant.

Melvin C. Light, Lima, and Elmer Unverferth, Ottawa, for appellee.

## OPINION

**By THE COURT**

The appellant in her brief argues the following assignments of error, which under the provisions of §12223-21 GC will be the only ones considered by the court, to-wit:

1. The trial court erred in refusing to give plaintiff-appellant's special request to charge No. 2, presented in writing at the close of the evidence and before the commencement of the argument to the jury, which said special request to charge No. 2, was as follows: "The plaintiff in this case, for her own safety was required to exercise that degree of care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances."

2-A. The trial court erred in repeatedly charging the jury that the conduct of plaintiff-appellant was to be measured by that of an ordinarily prudent person, without reference to plaintiff-appellant's age, education and experience.

2-B. The court erred in charging the jury that, without reference to the age of plaintiff-appellant, a finding that she committed or omitted certain acts constituted

negligence or contributory negligence as a matter of law.

2-C. The court erred in charging that the engineer had no duty to look outside the right of way for approaching persons or objects, and in inferentially charging the jury that the engineer alone was charged with the duty of keeping a lookout.

2-D. The court erred in charging the jury with reference to specific requirements of the Public Utilities Commission of Ohio and ordinance of the village of Ottawa, which were not made issues by the pleadings or the evidence.

3. The verdict and judgment in the Court of Common Pleas were not sustained by the evidence and are contrary to the weight of the evidence.

4. The verdict and judgment in the Court of Common Pleas are contrary to law.

5. One of the attorneys for the defendant-appellee, was guilty of misconduct in the cross-examination of Cloyce Haughn, the father and next friend of this plaintiff-appellant, and in statements made in the presence of the jury as to questions then being propounded by said attorney for defendant-appellee, all of which created passion and prejudice in the minds of the jury.

These assignments of error will be considered in the order mentioned.

1. As the plaintiff was a minor of the age of fifteen years, the court, if proper request in writing had been made by the plaintiff, was legally bound to give the instruction contained in Special Request No. 2, before argument, but it does not affirmatively appear of record that such request was presented in writing as required by §11420-1, GC, and consequently the court did not err in refusing to give the instruction.

2-a. The court erred in its general charge in the particulars charged in assignment 2-a above set forth, for the reason that the plaintiff was a minor and her conduct is not to be measured by that of an ordinarily prudent person without reference to her age, education and experience. Whether such error was prejudicial to the plaintiff will be hereafter considered.

2-b. The court erred in the particulars charged in assignment 2-b 3. above, for the same reason. Whether this error was prejudicial will be hereafter considered.

2-c. The instruction complained of in this assignment is as follows:

"Although it is the duty of a locomotive engineer to keep a lookout on the tracks ahead of the train he has no duty to look outside the right of way for approaching persons or objects."

This portion of the charge is taken from the text in 34 Ohio Jurisprudence, page 802, §1102, and the text is based on the case of N. Y. C. & St. L. R. R. Co. v Kissler, 66 Oh St 326, and correctly states the law applicable to the subject matter. No inference could be drawn from this instruction, by the jury that the engineer alone was charged with the duty of keeping a lookout, as immediately preceding this portion of the charge the court gave the following instruction:

"The operators of a train approaching a crossing are required to maintain a reasonable lookout, such as ordinary care under the circumstances warrant. This duty, however, does not go so far as to require keeping constant lookout which would be inconsistent with their other duties."

There was therefore no error in this portion of the court's charge.

2-d. This assignment of error relates to the fourth ground of negligence alleged in the petition, that the railroad crossing over the street in the village of Ottawa where the collision between the automobile in which plaintiff was riding and the locomotive of defendant's train occurred, in which plaintiff was injured, was not properly guarded or lighted.

While the charge with reference to this specification of negligence is of some length, its effect was to remove from the consideration of the jury the fourth ground of negligence alleged in the petition. There is no evidence tending to prove that the Public Utilities Commission of Ohio had made any order requiring the defendant railroad company to maintain a watchman, gate or automatic signal at the crossing in question, or that the village of Ottawa within the limits of which the collision occurred, had required the defendant railroad company to light said crossing. All the evidence shows that the train was being operated in the ordinary and usual manner and there is no evidence of any

unusual or extraordinary circumstances or conditions under which the exercise of ordinary care on the part of the railroad company would require the crossing to be guarded or lighted by it at the time of or preceding the collision.

When the Public Utilities Commission has not exercised its jurisdiction under the statute to require gates, mechanical warning devices or a flagman at a railroad grade crossing over a ▮▮▮▮▮ street ▮▮▮▮▮▮ in a village and the village has not required the railroad company to light such railroad crossing, no inference of negligence on the part of the railroad company in not guarding or lighting such crossing arises where there is no evidence tending to prove the existence of extraordinary or unusual conditions which would require the railroad company in the exercise of ordinary care to guard or light such crossing. Furthermore, the undisputed evidence establishes that the railroad crossing was fully lighted by street lamps on each side of the crossing which were burning and illuminating the crossing at the time of the collision. As applied to the evidence, the instruction complained of correctly stated the law and the fourth specification was properly removed from the consideration of the jury.

3-4. Upon a consideration of the evidence in the case we find that the verdict of the jury in favor of defendant is neither against the weight of the evidence nor contrary to law on the issue of defendant's negligence.

5. This assignment relates to claimed misconduct of counsel for defendant, the claimed misconduct consisting in the attorney for the defendant upon cross-examination of Cloyce Haughn, father of the plaintiff, asking the following question:—"You are now confined in the Putnam County Jail, Mr. Haughn?" Plaintiff's counsel objected to the question and asked to have the jury instructed to disregard it and pursuant to this request the court very carefully and at length gave the requested instruction. The attorney for the defendant, following this instruction, made the following offer to prove:——"If the witness had been permitted to answer he would have said 'Yes'." Counsel for plaintiff then asked that the jury be excused and following this moved the court to withdraw a juror and continue the cause until another jury could be impaneled. This motion was thereafter withdrawn by plaintiff's counsel. This question and the answer thereto went to

the credibility of the witness which was a proper matter of consideration by the jury and the action of defendant's counsel in asking such question and making such offer of proof did not constitute misconduct on his part.

It will be noted that assignments of error Numbers 1, 2-a and 2-b all relate to contributory negligence on the part of the plaintiff. We have already held that the court erred in its general charge in the particulars set forth in assignments 2-a and 2-b but whether these errors were prejudicial to plaintiff requiring a reversal of the judgment remains to be determined.

Among the issues in the case was the issue of the negligence of defendant. This issue was submitted to the jury without the intervention of error and the jury under its general verdict which was not tested by interrogatories, found this issue as well as all other issues, in favor of the defendant. The finding of the jury on this issue is sufficient to sustain its verdict, and under the rule announced in the case of **Knisely v Community Traction Company, 125 Oh St 131,** and the cases therein referred to, the error in the sbmission of the issues in the case other than defendant's negligence does not warrant the reversal of the judgment.

Finding no error in the particulars specified in appellant's brief, the judgment of the Common Pleas Court will be affirmed at costs of appellant.