630

### REED v ERIE RD CO

Ohio Appeals, 3rd Dist Union Co.

No 182. Decided Feb 25, 1938

Wilbur E. Benoy, Columbus, Clifton L. Caryl, for plaintiff-appellee.

Guthrey & Guthery, Marion, Foote, Bushnell, Burgess & Chandler, Cleveland, for defendant-appellant.

**OPINION**

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Union county in an action pending therein wherein the appellee Delmar R. Reed, Administrator of the Estate of Leah Catherine Reed, deceased, was plaintiff, and the appellant Erie Railroad Company was defendant. The action is one for damages for wrongful death. The cause was submitted to the court without the intervention of a jury and the court rendered a verdict in favor of plaintiff. Judgment was thereafter entered on the verdict, and it is from this judgment this appeal is taken.

Except as hereinafter mentioned the claimed negligence of the defendant railroad company is based on its failure to maintain a statutory crossing sign on the south side of its track at the crossing of its one track railroad over a public highway known as State Route No. 31 in the open country near Broadway, Union county, Ohio, where the collision between the automobile in which plaintiff's decedent was riding as a guest and the train operated by the defendant railroad company occurred, and in its failure to maintain other signs and signals indicating the presence of said railroad crossing in addition to the highway signs indicating the presence of said crossing on and adjacent to the metal of the highway immediately and at various distances south of said railroad track. The view from said highway northward toward said crossing and railway is for a long distance unobstructed.

The collision occurred at about ten o'clock P. M. on February 27, 1935, a dark night. The automobile coupe in which plaintiff's decedent was riding was being driven in a northerly direction toward said crossing and collided with the train of defendant passing over said crossing in a southwesterly direction. The train consisted of engine, tender, sixty-nine cars and a caboose. The automobile in which plaintiff's decedent was riding was driven into the side of the forty-second car from the engine of defendant's train. It is not charged and there is no evidence that the train was going at an excessive rate of speed. The automobile was in good operating condition and had headlights in conformity to and operating in accordance with law.

The only purpose of such statutory signs and. other signs and signals at a railroad crossing is to notify travelers of the proximity of the railroad and warn them to be on the lookout for the approach of trains. The other claims of negligence on the

part of the defendant railroad company are in operating said train over said crossing without providing any lights or other warning signals on any of said freight cars as they passed over said crossing to indicate that said train was passing over said crossing; in operating said train over said crossing without providing any watchman at said intersection to warn travelers upon said highway of the approach and presence of said train; and in failing to have crossing gates in operation at said crossing at said time.

There are no statutory provisions requiring lights or other warning signals on freight cars of trains passing over highway crossings to indicate that such trains are passing over said crossings; and there are no statutory provisions requiring watchmen at railroad crossings in the open country such as the one in the case at bar to warn travelers upon the highway of the approach or presence of trains; and there is no statutory provision requiring crossing gates at a railroad crossing in the open country such as the crossing in the case at bar.

There is no evidence in the case at bar tending to prove the existence of any unusual or extraordinary conditions or circumstances such as might require the defendant railroad company in the exercise of ordinary care to maintain lights or other warning signals on its said freight cars in passing over said crossing or to provide a watchman at said crossing or to have crossing gates in operation at said crossing at said time. And in the absence of such statutory provisions and such proof no inference of negligence on the part of the defendant railway arises from its omission to maintain such lights, signals, watchmen or gates. **Haughn v Detroit, Toledo & Ironton Railway Company, 25 Abs 123,** issue of December 4, 1937; **29 O. Jur. 483,** et seq.

From the evidence in the case . reasonable minds can reach no other conclusion than that the presence of the train of cars passing over the crossing was in and of itself ample notice of the proximity of the railroad and warning of the attendant danger and fully served every purpose that the presence of such statutory and other signs and signals would have served, and the failure of the driver of the automobile in which plaintiff's decedent was riding to observe at a time and place where he could bring said car to a stop and avoid the collision the presence of the train on the crossing was the proximate cause of

plaintiff's decedent's death; and the negligence, if any, of the defendant in failing to maintain a statutory sign or other signs or signals at the place mentioned was not a proximate cause of plaintiff's decedent's death.

The judgment in favor of plaintiff will therefore be reversed and final judgment entered for appellant at costs of appellee.

The Judges of the Court of Appeals find that the judgment upon which they have agreed in this cause is in conflict with a judgment pronounced upon the same question by another Court of Appeals of the state, namely, the Court of Appeals of the Ninth District, in the case of **Richter v Wheeling & Lake Erie Railroad Company,** in Cause No. 619 in the Court of Appeals of Lorain county, decided October 27, 1932, reported in **13 Oh Abs** page 333.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.